UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
|                                        |                               |
| MICHAEL R. GAMBLE,                     | Case No. 1:17-CV-389          |
|                                        |                               |
|     Plaintiff,     |                               |
|                                        |                               |
| v.                                     |                               |
|                                        | OPINION & ORDER               |
| GREATER CLEVELAND REGIONAL             | [Resolving Doc. 11]           |
| TRANSIT AUTHORITY,                     |                               |
|                                        |                               |
|     Defendant.     |                               |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Michael R. Gamble brings an Americans with Disabilities Act (ADA) retaliation claim against Defendant Greater Cleveland Regional Transit Authority (GCRTA).[1] Defendant GCRTA moves to dismiss for failure to state a claim.[2] Alternatively, GCRTA moves to dismiss Gamble's request for compensatory and punitive damages and his jury trial demand. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

## I. BACKGROUND

Plaintiff Gamble alleges that Defendant GCRTA retaliated against him for previously filing disability discrimination actions against GCRTA when GCRTA declined to rehire Gamble in 2016 as a bus operator.[3] In addition to injunctive relief, Gamble seeks compensatory and punitive damages.[4]

Gamble previously worked for GCRTA as a bus operator. GCRTA terminated Gamble in May 2012. In March 2013, Gamble filed an Equal Employment Opportunity Commission

---

[1] Doc. 1.
[2] Doc. 11.
[3] Doc. 1 at 2-3.
[4] *Id.* at 3.

Case No. 1:17-CV-389
Gwin, J.

(EEOC) charge alleging disability discrimination.[5] GCRTA states that Gamble then reapplied for his former position in October 2013.[6] After GCRTA declined to rehire Gamble, Gamble filed an EEOC retaliation charge in March 2014 alleging retaliatory failure to hire.[7] On March 24, 2015, the EEOC issued Gamble right-to-sue letters on the 2013 and 2014 EEOC charges.[8]

In June 2015, Gamble filed an ADA disability discrimination complaint against GCRTA in federal court.[9] On September 30, 2015, Judge Patricia Gaughan dismissed the complaint for lack of subject matter jurisdiction and failure to state a claim.[10] Gamble's 2015 complaint failed to identify Gamble's disability and therefore failed as a matter of law.[11]

After his 2012 termination and the subsequent lawsuit, Gamble again sought employment as a GCRTA bus operator. Gamble states that he attended GCRTA's public job fair on February 20, 2016.[12] A recruiter at the job fair allegedly told Gamble that he was qualified to be a bus operator, so Gamble completed an online application.[13] Gamble later called GCRTA's H.R. Director for an update, but the H.R. Director allegedly told Gamble that GCRTA was not hiring.[14]

In April 2016, Plaintiff Gamble submitted a public records request for the names of applicants offered bus operator positions by Defendant GCRTA in February and March 2016.[15] GCRTA provided Gamble the list of names.

---

[5] *Id.* at 3.
[6] Doc. 11 at 3.
[7] *Id.*
[8] *Id.*
[9] Docket No. 1:15-cv-1219, Doc. 1.
[10] *Gamble v. Greater Cleveland Reg'l Transit Auth.*, No. 1:15-cv-1219, 2015 WL 5782073, at *1.
[11] *Id.* at *3.
[12] Doc. 1 at 2.
[13] *Id.*
[14] *Id.*
[15] *Id.*

2

Case No. 1:17-CV-389
Gwin, J.

Gamble again filed an EEOC charge for retaliatory failure to hire. The EEOC issued Gamble a right-to-sue letter on December 2, 2016.[16]

On February 24, 2017, Plaintiff Gamble filed suit in this Court.[17] Gamble alleges that GCRTA's failure to rehire him was retaliation and discrimination in response to his previous EEOC charges and federal discrimination lawsuit.[18] Gamble claims that the people GCRTA hired as bus operators have "no job skills and [are] not qualified for the position . . . ."[19]

On April 21, 2017, Defendant GCRTA moved to dismiss Gamble's Complaint for failure to state a claim.[20] GCRTA argues that Gamble's cause of action arose in 2013, when GCRTA first declined to rehire Gamble.[21] Accordingly, GCRTA argues that the claim is no longer actionable because Gamble failed to file suit within ninety days of the 2014 EEOC charge alleging retaliatory failure to hire.[22] Otherwise, GCRTA anticipates endless litigation. GCRTA expects Gamble to file an EEOC retaliation charge every time GCRTA declines to hire him.[23]

Alternatively, Defendant GCRTA asks the Court to dismiss Plaintiff Gamble's request for compensatory and punitive damages and his jury trial demand.[24] GCRTA argues that only equitable relief is available for ADA retaliation claims.[25]

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[26] The plausibility

---

[16] Doc. 1-1.
[17] *Id.* at 1.
[18] *Id.* at 3.
[19] *Id.* at 2.
[20] Doc. 11.
[21] *Id.* at 7.
[22] *Id.* at 9.
[23] *Id.*
[24] *Id.* at 10.
[25] *Id.* at 11.
[26] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

3

requirement is not a "probability requirement."[27] The Plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[28]

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[29] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[30] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[31]

### III. DISCUSSION

*A. Failure to State a Claim*

Defendant GCRTA argues that the Court should dismiss Plaintiff Gamble's claim because it relates to Gamble's 2014 EEOC charge for retaliatory failure to hire and is therefore time barred. GCRTA's argument loses.

Gamble's claim before this Court relates to the 2016 EEOC charge for retaliatory failure to hire, not the 2014 EEOC charge. Gamble's 2014 EEOC retaliation charge arose out of GCRTA's 2013 failure to rehire him. Gamble attributed the retaliation to the 2013 EEOC disability discrimination charge. In contrast, Gamble's 2016 EEOC retaliation charge arises out of GCRTA's failure to rehire him when he applied in 2016 for a position. Gamble attributes this retaliation to the previous EEOC charges and his 2015 federal lawsuit.

---

[27] *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556).
[28] *Id.*
[29] Fed. R. Civ. P. 8(a)(2).
[30] *Iqbal*, 556 U.S. at 678–79 (citations omitted).
[31] *Id.*

Case No. 1:17-CV-389
Gwin, J.

Indeed, Gamble's complaint states a claim for retaliation under the ADA. To establish a prima facie case of retaliation under the ADA, Plaintiff Gamble must show that "(1) [he] engaged in protected activity, (2) defendant took an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action."[32]

Gamble sufficiently pleads retaliation in his complaint. Gamble engaged in a protected activity when he sued Defendant GCRTA in 2015 for disability discrimination. Furthermore, Gamble alleges that GCRTA refused to rehire him in 2016. Failure to rehire is an adverse employment action.[33] Finally, Gamble alleges that GCRTA refused to rehire him because of his 2015 federal lawsuit.[34]

Defendant GCRTA expresses concern that "Gamble will continue to apply for his former job and each time GCRTA declines to hire him, Gamble will file another EEOC charge alleging retaliation."[35] But Gamble has the right to make sequential ADA claims, so long as his retaliation allegations relate to new conduct by GCRTA. Filing a retaliation claim with the EEOC in 2013 does not preclude Gamble from filing future retaliation claims.

The Court therefore **DENIES** Defendant GCRTA's motion to dismiss for failure to state a claim.

*B. Availability of Compensatory and Punitive Damages*

Defendant GCRTA alternatively argues that the ADA's retaliation provisions only allow for equitable relief, and Gamble therefore is not entitled to compensatory damages, punitive damages, or a jury trial. The Sixth Circuit has not addressed the issue, and district courts in this

---

[32] *Barret v. Lucent Techs., Inc.*, 36 F. App'x 835, 841 (6th Cir. 2002).
[33] *Harris v. Burger King Corp.*, 993 F. Supp. 2d 677, 686 (W.D. Ky. 2014).
[34] Doc. 1 at 3.
[35] Doc. 11 at 9.

5

Case No. 1:17-CV-389
Gwin, J.

Circuit disagree over whether monetary damages are available for an ADA retaliation claim.[36] Relying on the statutory text, the Court joins the majority of district courts in holding that ADA retaliation plaintiffs cannot recover compensatory or punitive damages.

First, the ADA only permits equitable relief for retaliation claims. The ADA's retaliation section, 42 U.S.C. § 12203(a), does not contain its own remedy provision. Instead, the ADA permits retaliation plaintiffs to pursue any remedy available under 42 U.S.C. § 12117.[37] Section 12117 similarly does not list specific remedies, but directs plaintiffs to 42 U.S.C. § 2000e-5. Section 2000e-5 grants courts broad discretion to order any form of equitable relief where an employer has engaged in unlawful employment practices.[38] Under § 2000e-5, however, courts only have the discretion to order back pay; other monetary damages are not permitted.[39] The ADA's language therefore does not provide compensatory or punitive damages for § 12203 retaliation violations.[40]

Second, the Civil Rights Act of 1991's narrow expansion of ADA remedies does not apply to ADA retaliation claims. The Civil Rights Act of 1991, through 42 U.S.C. § 1981a(a)(2), made compensatory and punitive damages available for certain ADA claims.[41] But a "close reading of the plain language of § 1981a(a)(2) makes it clear that the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA."[42] Instead, § 1981a(a)(2) only expands punitive and compensatory damages to two specific ADA

---

[36] *Compare Equal Employment Opportunity Commission v. Faurecia Exhaust Sys.*, 601 F. Supp. 2d 971, 976 (N.D. Ohio 2008) (precluding award of compensatory and punitive damages in ADA retaliation case); *Arredondo v. S2 Yachts*, 496 F. Supp. 2d 831, 837 (W.D. Mich. 2007) (same); *Cantrell v. Nissan N. Am., Inc.*, No. 3:03-0082, 2006 WL 724549, at *2 (M.D. Tenn. Mar. 21, 2006) (same) *with Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765, 771 (W.D. Tenn. 2009) (extending compensatory damages to ADA retaliation claims).
[37] 42 U.S.C. § 12203(a).
[38] 42 U.S.C. § 2000e-5(g).
[39] *Id.*
[40] *See Faurecia Exhaust Sys.*, 601 F. Supp. 2d at 975 ("It is no herculean task to follow the interrelated statutory references to determine which remedies are available on a given claim.").
[41] 42 U.S.C. § 1981a(a)(2).
[42] *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 965 (7th Cir. 2004).

Case No. 1:17-CV-389
Gwin, J.

provisions: §§ 12112 and 12112(b)(5).[43] Section § 1981a(a)(2) makes no reference to retaliation claims under §12203. Because Congress did not expand the type of relief available for ADA retaliation claims, the Court declines to do so as well.

Accordingly, the Court strikes Plaintiff Gamble's request for compensatory and punitive damages. Moreover, because the relief sought by Plaintiff is now purely equitable in nature, Plaintiff is not entitled to a jury trial.

### IV.  CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant GCRTA's motion to dismiss.

IT IS SO ORDERED.

Dated: June 19, 2017                          *s/      James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[43] Section 12112 prohibits discrimination on the basis of disability. Section 12112(b)(5) requires employers to make reasonable accommodations.