**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL GAMBLE, | ) | CASE NO: 1:17CV389 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

This matter is before the Court on consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. Pending before the Court are Defendant Greater Cleveland Regional Transit Authority's Motion for Summary Judgment and Plaintiff Michael Gamble's "Dispositive Motions Summary Judgement." (Doc. Nos. 49, 50.)

For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

**I. Factual Background**

Plaintiff was a bus driver for Defendant Greater Cleveland Regional Transit Authority ("GCRTA") from June 2000 – May 2012. (Doc. No. 11-2 at 1.) In May 2012, Defendant terminated Plaintiff's employment. (*Id.*) Plaintiff subsequently filed a disability discrimination charge with the Equal Employment Opportunities Commission ("EEOC") and Ohio Civil Rights Commission in March 2013. (*Id.*) In October 2013, Plaintiff reapplied for his previous position

1

by submitting an online application. (Doc. No. 11-3 at 1.) In December 2013, Plaintiff received notification GCRTA declined to offer him a position. (*Id*.) Plaintiff filed a second EEOC charge in March 2014, claiming GCRTA's decision to not rehire him was retaliatory. (*Id*.) In June 2015, after receiving EEOC right-to-sue letters, Plaintiff filed his first federal lawsuit, alleging disability discrimination under the Americans with Disabilities Act ("ADA"). (Doc. No. 11-1 at 1-6.) In September 2015, the Court dismissed the matter for lack of subject matter jurisdiction and further concluded because Plaintiff's Complaint did not identify a disability, he failed to state a claim upon which relief can be granted. *Gamble v. Greater Cleveland Regional Transit Authority*, 2015 WL 5782073 (N.D. Ohio Sept. 30, 2015).[1]

In February 2016, Plaintiff attended an "RTA Operator Open House" and provided his contact information to GCRTA. (Doc. No. 1-2 at 4.) On February 20, 2016, Plaintiff registered with GCRTA's job application website. (Doc. No. 52-6 at 1.) On February 22, 2016, Plaintiff responded to his registration email, declaring "I Applied For The Part Time Operator." (*Id*.) As discussed *infra*, Plaintiff did not file anything additional to complete the application process. Plaintiff was not hired by GCRTA at that time.

In April 2016, Plaintiff filed a public records request for the names of the individuals offered bus driver positions by GCRTA in February and March 2016. (Doc. No. 1-2 at 1.) GCRTA provided Plaintiff with the list of names. (*Id*. at 1-3.) In June 2016, Plaintiff filed

---

[1] Following the dismissal of this matter, Plaintiff filed a "Motion for Default Judgement," which was denied. (*Gamble v. GCRTA*, Case No. 1:15CV1219, Doc. No. 18, non-document entry dated November 2, 2015.) Plaintiff then appealed to the Sixth Circuit Court of Appeals. (*Gamble v. GCRTA*, Case No. 1:15CV1219, Doc. No. 19.) The Sixth Circuit affirmed the Court's decision to dismiss Plaintiff's Complaint on June 2, 2017. *Gamble v. Greater Cleveland Regional Transit Authority*, 2017 WL 5135537 (6th Cir. June 2, 2017).

another EEOC charge, asserting retaliatory failure to hire in violation of the ADA. (Doc. No. 11-6 at 1.) Within his EEOC charge, Plaintiff indicated he was "aware of the person who was given the position and attended training and with less experience." (Doc. No. 11-6 at 1.) No other information about this person was supplied. (*See* Doc. No. 11-6 at 1.) Another right-to-sue letter was issued on December 2, 2016. (Doc. No. 1-1 at 1.)

## II. Procedural History

On February 24, 2017, Plaintiff Michael Gamble, proceeding *pro se,* filed this matter alleging Defendant GCRTA violated the ADA when it did not rehire him in February 2016. He asserts this failure to rehire was in retaliation for having previously filed EEOC charges and an earlier federal discrimination lawsuit. (Doc. No. 1.)

On February 9, 2018, following the conclusion of discovery, Defendant filed a Motion for Summary Judgment. (Doc. No. 49.) On February 12, 2018, Plaintiff filed a "Dispositive Motions Summary Judgement." (Doc. No. 50.) Defendant filed a response in opposition on February 20, 2018 and Plaintiff filed a response in opposition on March 5, 2018. (Doc. Nos. 51, 52.) On March 14, 2018, Defendant filed a Reply in Support of its Motion for Summary Judgment. (Doc. No. 53.) On March 22, 2018, Plaintiff filed a "Response to Motion for Summary Judgment." (Doc. No. 54.)

The parties' motions are now ripe and ready for the Court's consideration.

## III. Standard of Review

Summary judgment is governed by Federal Rule of Civil Procedure 56, which provides

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

3

> to judgment as a matter of law. The court should state on the record the
> reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). The purpose of summary judgment is to determine if there is a need for a trial due to genuine factual issues which need resolution. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). If, based on all the available proof, a reasonable jury could only find for one party at trial, then a trial is unnecessary and the Court may enter a judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). *See also Barrett v. Lucent Technologies,* 36 Fed. App'x 835, 840 (6th Cir. 2002)("Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law.").

The moving party has the initial burden of demonstrating there is no genuine issue of material fact. The moving party may meet this burden by establishing the non-moving party lacks evidence to support an essential element of their case. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989.) Conversely, if it is the moving party who carries the burden of proof for a claim, they may establish no genuine issue of material fact by setting forth evidence which would result in a directed verdict at trial. *See Calderone v. U.S.,* 799 F.2d 254, 259 (6th Cir. 1986). *See also Kassouf v. U.S. Liability Co.,* 2015 WL 5542530 at *3 (N.D. Ohio Sept. 18, 2015).

Once the moving party meets this burden, the non-moving party must then present evidence which establishes genuine factual issues which require a trial. *Celotex Corp.,* 477 U.S. at 325. The non-moving party may not rest "upon the mere allegations of their pleadings nor upon general allegations that issues of fact exist." *Shell v. Lautenschlager,* 2017 WL 4919206 at *1 (N.D. Ohio Oct. 31, 2017). Indeed, the non-moving party must support their position with

"particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). *See also Celotex* Corp., 477 U.S. at 324. The non-moving party must "present more than a scintilla of evidence" to support their position. *See Garza v. Norfolk S. Ry. Co.,* 536 Fed. App'x 517, 519 (6th Cir. 2013).

When reviewing the evidence, the court must view all the evidence and inferences in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). If after analyzing the body of evidence presented by both parties, the Court finds no reasonable jury could find in favor of the non-moving party, summary judgment must be entered. *Kassouf,* 2015 WL 5542530 at *3.

However, an unusual situation is created when cross motions for summary judgment are filed. As the Sixth Circuit has explained, the reviewing court "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *B.F. Goodrich Co. v. U.S. Filter Corp.,* 245 F.3d 587, 592 (6th Cir. 2001)(citing *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 241 (6th Cir. 1991).). Accordingly, "if it is possible to draw inferences in either direction, then both motions for summary judgment should be denied." *Champion Foodservice, LLC v. Vista Food Exchange, Inc.,* 2016 WL 4468001 at *4 (N.D. Ohio Aug. 24, 2016)(citing *B.F. Goodrich Co.,* 245 F.3d at 592-593.).

**IV. Law and Analysis**

Plaintiff alleges Defendant violated the ADA by failing to rehire him in February 2016. He asserts Defendant was retaliating against him for filing EEOC charges and a federal

discrimination lawsuit.[2] (Doc. No. 1 at 2, 3.) Plaintiff contends he "sufficiently pleads retaliation in his complaint . . . therefore [the Court must deny] Defendant GCRTA's motion for summary judgement because of Plaintiff's genuine issues of material facts of retaliation." (Doc. No. 52 at 5.)

Defendant maintains that because Plaintiff did not submit an application for employment in February 2016, he has not suffered an adverse employment action. (Doc. No. 49 at 5, 6.) Defendant argues that even if Plaintiff had actually applied for the position, "no reasonable fact-finder could conclude that GCRTA refused to re-hire him because of his protected activities." (*Id.* at 7.) Defendant asserts Plaintiff's evidence consists of "nothing more than his own suspicion." (*Id.* at 8.)

Under the ADA, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]." 42 U.S.C. § 12203(a). A plaintiff in a federal retaliation suit does not need to actually be disabled in order to assert a claim of disability retaliation. *Barrett v. Lucent Technologies, Inc.*, 36 Fed. App'x 835, 840 (6th Cir. 2002). However, the plaintiff "must have a reasonable and good faith belief that the opposed act or practice is unlawful under the ADA." (*Id.*)

To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show (1) he engaged in a protected activity; (2) the defendant took an adverse employment action; and (3)

---

[2] In Plaintiff's "Dispositive Motions Summary Judgement," Plaintiff asserts he has "two cause of action" under the ADA – discrimination and retaliation. (Doc. No. 50 at 1.) However, Plaintiff's Complaint clearly only advances a claim of retaliation. (*See* Doc. No. 1.) Thus, the Court will only consider the claim of retaliation under the ADA, as any further claims have not been properly pled.

there was a causal connection between the protected activity and the adverse employment action. *Id* at 841 (citing *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000).). Once a plaintiff establishes this *prima facie* case, the burden then shifts to the defendant to establish "legitimate, nondiscriminatory reasons for the adverse employment action." *Id.* If the defendant is able to carry this burden, the plaintiff must then show the defendant's reasons were a pretext for illegal discrimination. *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 883 (6th Cir. 1996).

It is undisputed Plantiff engaged in protected activities when he filed EEOC complaints and a federal lawsuit. (Doc. No. 49 at 2; Doc. No. 50 at 3.) It is the remaining two elements of a *prima facie* case, the adverse employment action and the causal connection, which are in dispute.

Failure to rehire can be considered an adverse employment action. *See E.E.O.C. v. United Parcel Service, Inc.,* 249 F.3d 557, 563 (6th. Cir. 2001). However, Plaintiff has not brought forth any evidence which establishes Defendant failed to rehire him. Specifically, there is no evidence Plaintiff ever applied for a part-time bus operator position in February 2016. Indeed, Defendant has provided its business records, which track the applications of each individual job applicant. (Doc. No. 49 at 6.) Based upon these records, Plaintiff applied for bus operator positions within GCRTA three times since his 2012 termination: October 23, 2013, June 27, 2014, and August 12, 2016. (Doc. No. 49-5, 49-6, 49-7.) There is no record of Plaintiff applying for a position in February 2016. (Doc. No. 49 at 6.)

Plaintiff asserts he "registered on GCRTA's recruiting website from a public library and submitted an electronic application for the position of part-time bus operator." (Doc. No. 52 at 4.) He maintains he received email confirmation of this application, relying on a February 20,

7

2016 email which provided "Thank you for registering on our job site . . . after you log in, you can update your profile, search, and *apply for jobs* that match your resume." (Doc. No. 52 at 4, Doc. No. 52-6 at 1.)(emphasis added.) On February 22, 2016, Plaintiff responded to this email, declaring "I Applied For The Part Time Operator." (Doc. No. 52-6 at 1.) Plaintiff eventually forwarded this email chain to an EEOC investigator, who responded with "I don't understand this. Did you actually apply for a job?" (*Id*.) Plaintiff contends this is proof he applied for the position. (Doc. No. 52 at 4.) He argues Defendant has been unwilling "to produce the record of plaintiff's job application after admitting receipt of the same. (Doc. No. 54 at 2.)

The Court finds no reasonable fact finder would agree Plaintiff actually applied for a bus operator position in February 2016. Defendant has no record of his application. The email provided by Plaintiff is a registration confirmation with Defendant's job application website, not an actual job application confirmation. Further, the email specifically directs Plaintiff to "apply for jobs that match your resume." (Doc. No. 52-6 at 1.) Plaintiff failed to do so. Indeed, even the EEOC investigator questioned whether Plaintiff actually applied for the position. Therefore, because there is no evidence Plaintiff applied for the position in February 2016, Plaintiff cannot establish he suffered any adverse employment action. *See Yeschick v. Mineta*, 521 F.3d 498, 504 (6th Cir. 2008)("Because [Plaintiff] was not an applicant at the time of the hiring in question, therefore, he experienced no adverse employment action.").

Even if the Court were to liberally construe these emails as evidence Plaintiff applied for a position within GCRTA, Plaintiff has not brought forth any evidence there was a "causal connection" between his protected activities and Defendant's failure to rehire him. In order to establish a causal connection, a plaintiff must produce sufficient evidence which infers an

employer would not have taken the adverse employment action but for the plaintiff engaging in a protected activity. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir.1997); *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1068 (6th Cir.1990).

Plaintiff summarily asserts "there is a casual [sic] link between Plaintiff and GCRTA for materially adverse action taken against Gamble." (Doc. No. 50 at 3.) He maintains Defendant refused to rehire him due to his federal lawsuit. (Doc. No. 52 at 5.) However, Plaintiff has not produced any evidence of this causal connection. Indeed, during his January 2018 deposition, Defendant's counsel questioned Plaintiff regarding what evidence he had to establish a causal connection. The exchange went as follows:

> Q: What makes you think that RTA refused to hire you in connection with your February, 2016 application, your alleged application, because you had filled [sic] E.E.O.C. changes or sued them before, what makes you think they're connected?
>
> A: Well, based on those federal E.E.O.C. laws, I believe I was discriminated against based on those violations.
>
> Q: Why?
>
> A: I don't have an answer to why, I'm just following the law.
>
> Q: Well, no, what I'm trying to understand is, I understand that you believe that, I'm asking why do you believe that?
>
> A: Well, I didn't get hired for a position, and I believe that I was retaliated because I filed these other E.E.O.C. charges against them in the U.S. District Court.
>
> Q: What leads you to think that, anything besides the fact that you weren't hired?
>
> A: Well, when I read the E.E.O.C. laws, it says if you believe that you've been retaliated because you applied for a job or –
>
> Q: I understand what the law is, but my question to you is: What

9

> evidence do you have, what proof are you going to offer at trial that RTA retaliated against you?
>
> A: All of those E.E.O.C. charges, that's what I'm going to use.
>
> Q: Your allegations – wait a second. Your allegations are, what I'm asking you is what more than you saying that you were retaliated against do you have by way of proof? Had someone ever told you, Mr. Gamble, you sued us, we're never hiring you again? Had someone ever said, Mr. Gamble, you filed that lawsuit and you're dead to us?
>
> A: Not on the record did they say that.
>
> Q: Well, what evidence do you have besides your belief?
>
> A: That evidence that I have is those charges that I filed against the Greater Cleveland Regional Transit Authority and filed the U.S. District Court, that's the evidence I have.

(Doc. No. 49-1 at 12-13.)

Plaintiff filed his first federal lawsuit against Defendant in June 2015, alleging disability discrimination under the ADA. (Doc. No. 11-1 at 1-6.) He alleges he applied for a part-time bus operator position in February 2016, eight months later. (Doc. No. 50 at 2.) Temporal proximity alone can be "enough to constitute evidence of a causal connection for the purposes of satisfying a *prima facie* case of retaliation," but only when the "adverse employment action occurs *very close in time* after an employer learns of a protected activity." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir.2008)(emphasis added)(finding temporal proximity to be sufficient evidence of causation when the adverse employment action occurred *on the same day* the employer learned of the protected activity).

However, where there has been a passage of time between the protected activity and the adverse employment action, "the employee must couple temporal proximity with other evidence

of retaliatory conduct to establish causality." *Id. See also Williams v. Zurz*, 503 Fed. App'x 367, 373 (6th Cir. Oct. 30, 2012). As the Sixth Circuit has found periods of two to five months between a protected activity and an adverse employment action to be insufficient to support an inference of retaliation, Plaintiff must offer additional evidence to support his claims. *See Hafford v. Seidner,* 183 F.3d 506, 515 (6th Cir. 1999) *and Cooper v. City of North Olmsted*, 795 F.2d 1265, 1272 (6th Cir. 1986). While Plaintiff's lawsuit was filed 8 months prior to his alleged application date, there is no other evidence which indicates or establishes any type of causal connection between his lawsuit and his allegedly rejected application. Thus, Plaintiff is not able to demonstrate causal connection between his protected activities and GCRTA's failure to rehire him and therefore cannot make a *prima facie* showing of retaliation.

Assuming, *arguendo,* Plaintiff was able to establish a *prima facie* case of retaliation, this is still not enough to survive summary judgment. As noted *supra*, the burden shifts to Defendant to provide legitimate, nondiscriminatory reasons for their failure to rehire him. *See Barrett*, 36 Fed. App'x at 841. Here, Defendant has provided such a reason, explaining a high school diploma or GED is a minimum job requirement for bus operators. (Doc. No. 49 at 5.) Gamble, by his own admission, has neither a high school diploma or GED. (Doc. No. 49-1 at 14-15.)

As Defendant has provided a legitimate, nondiscriminatory reason for its failure to rehire Plaintiff, the burden shifts back to Plaintiff to "point out 'evidence from which a jury could reasonably reject [Defendant's] explanation.'" *Davis v. Cintas Corp.,* 717 F.3d 476, 491 (6th Cir. 2013) (quoting *Chen v. Dow Chem. Co.,* 580 F.3d 394, 400 (6th Cir. 2009).). Here, Plaintiff failed to adduce any evidence that Defendant's reasons were pretext. Rather, Plaintiff simply asserts Defendant "lied about amending the high school qualifications," as they had hired him

11

without a high school diploma in 2000 and 2011. (Doc. No. 54 at 2.) However, Defendant has provided a bus operator job posting from 2015, which specifically lists a high school degree or G.E.D. as a minimum requirement. (Doc. No. 49-3 at 2.) Plaintiff offers no other evidence which indicates Defendant's reason was pretextual in nature.

In sum, the Court has reviewed all the evidence presented by both parties, viewing the evidence in a light most favorable to each when considering their cross motions for summary judgment. Plaintiff, beyond his own assertions, has failed to offer any evidence he applied for the bus operator position in February 2016. Moreover, viewing the evidence in a light most favorable to Plaintiff, even if it was determined he had applied for the position, he has not produced any evidence of a causal connection between Defendant's decision not to hire him and his protected activities. Thus, he has not established a *prima facie* case of retaliation and Plaintiff cannot meet his burden for summary judgment.

However, because Defendant has met its burden of showing there is no genuine issue of material fact, it is entitled to summary judgment as a matter of law.

## V. Conclusion

Accordingly and for all the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED. (Doc. Nos. 49, 50.)

**IT IS SO ORDERED.**

Date: April 30, 2018                         *s/Jonathan D. Greenberg*
                                                          Jonathan D. Greenberg
                                                          U.S. Magistrate Judge